Citation Nr: 1508819 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 10-13 242 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for hypertension, to include as due to exposure to Agent Orange and as secondary to service-connected diabetes mellitus.

2. Entitlement to a rating higher than 30 percent from November 14, 2010, for posttraumatic stress disorder (PTSD).

3. Entitlement to a total disability rating for compensation based on individual unemployability due to service-connected disability.


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

C. Hancock, Counsel


INTRODUCTION

The Veteran served on active duty from September 1967 to September 1969.

These matters are before the Board of Veterans' Appeals (Board) on appeal of rating decisions issued in May 2009 and February 2012 by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. The May 2009 rating decision denied service connection for hypertension and denied a rating higher than 10 percent for PTSD. In a May 2011 rating decision, the RO granted a 30 percent rating for PTSD, effective November 15, 2010; the Veteran continued his appeal for a higher rating. A February 2012 RO decision denied a total disability rating for compensation based on individual unemployability.

The Veteran testified at a hearing conducted by the undersigned Veterans Law Judge at the RO in March 2013. A transcript has been associated with the record. 

In May 2013, the Board denied the claims (with the exception of the one seeking a TDIU) now on appeal. The Veteran appealed the Board's May 2013 decision to the United States Court of Appeals for Veterans Claims (Court). In a July 2014 Order, the Court vacated, in part, the November 2013 Board decision, and remanded the matters to the Board for development consistent with the parties' June 2014 Joint Motion for Partial Remand (Joint Motion). To this, the Board, in May 2013, also found that a rating higher than 10 percent prior to November 15, 2010, for the service-connected PTSD was not warranted. The Veteran did not wish to pursue his appeal with respect to this specific issue. See June 2014 Joint Motion.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

After carefully considering these matters, and for reasons expressed immediately below, the Board believes that this case must be remanded for further development of the record.

In the June 2014 Joint Motion, the parties noted that the Board essentially erred in issuing its May 2013 decision, which denied service connection for hypertension, by failing to first securing an adequate medical opinion. In part, the Joint Motion observed that while the Board conceded that the Veteran was presumed to have been exposed to Agent Orange during his Vietnam service, three VA examinations of record (dated in March 2009, November 2011, and December 2012) failed to include an opinion as to whether there was a nexus between the Veteran's presumed in-service Agent Orange exposure and his hypertension. See Barr v. Nicholson, 21 Vet. App. 303 (2007). See also Wood v. Peake, 520 F.3d 1345 (Fed. Cir. 2008); 38 U.S.C.A. § 5103A(a) (2014). Pursuant to this remand, a new opinion must be obtained. 

The Joint Motion also stated, regarding the increased rating issue (where the Veteran seeks a rating in excess of 30 percent from November 15, 2010, for his service connected PTSD), that the Board provided an inadequate statement of reasons or bases. The Joint Motion also found that, upon remand, the Veteran could submit additional evidence and argument on the question at issue, and the Board may "seek any other evidence it feels is necessary" to the timely resolution of the Veteran's claim. See Kutscherousky v. West, 12 369 (1999). 

The Veteran, in a statement received in November 2014, asserted that his PTSD had worsened since at least 2010. Of record is the report of a VA PTSD examination, afforded the Veteran in January 2014. This report has not been considered by the AOJ and there is no waiver of consideration of the evidence by the appellant or his attorney. The Board does observe that a supplemental statement of the case (SSOC) was issued in July 2014, but this only addressed the TDIU claim now on appeal. As this case is being remanded, this evidence, as to its relationship with the current increased rating claim, should be reviewed in a SSOC. 38 C.F.R. §§ 19.37, 20.1304 (2014).

Under 38 C.F.R. § 19.31 (2014), a SSOC must be furnished to the claimant when additional pertinent evidence is received after a Statement of the Case (SOC) or the most recent SSOC has been issued. See also 38 U.S.C.A. § 7105 (West 2002). As these requirements have not been satisfied, and as the Veteran has not waived initial consideration of this evidence by the agency of original jurisdiction (see 38 C.F.R. § 20.1304 (2014)), a remand is required in order to ensure due process to the appellant. In other words, since an adequate SSOC that addresses all of the pertinent evidence concerning the instant increased rating issue has not been provided to the Veteran, the claim must be returned to the AOJ so that such a document may be issued to the Veteran (and his attorney).

The Veteran is also advised that a claimant may experience multiple distinct degrees of disability that might result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Board notes that further development and adjudication of the Veteran's claim for an increased rating may provide evidence in support of his claim for TDIU. Action on this claim must be deferred pending resolution of the claim for an increased rating. See Henderson v. West, 12 Vet. App. 11 (1998), citing Harris v. Derwinski, 1 Vet. App. 180 (1991), for the proposition that where a decision on one issue would have a "significant impact" upon another, and that impact in turn could render any review of the decision on the other claim meaningless and a waste of appellate resources, the claims are inextricably intertwined.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should arrange for the entire claims file and all pertinent records to be reviewed by a suitably qualified physician. After reviewing the record, the physician should address whether it is at least as likely as not (a 50 percent probability or greater), that the Veteran's hypertension is due to his exposure to Agent Orange in the Republic of Vietnam. 

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.)

A complete rationale should be provided. If the opining physician feels that the requested opinion cannot be rendered without resorting to speculation, the physician should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the physician (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

2. The Veteran is hereby notified that it is his responsibility to report for a scheduled VA examination if scheduled and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014).

In the event that the Veteran does not report for any scheduled examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be indicated whether any notice that was sent was returned as undeliverable.

3. Thereafter, the AOJ must review the claims folder and ensure that the foregoing development actions, as well as any other indicated development, have been conducted and completed in full. If the response is deficient in any manner, the RO/AMC must implement corrective procedures. Stegall v. West, 11 Vet. App. 268 (1998).

4. After completion of the foregoing, the AOJ should readjudicate the three matters listed on the title page of this decision. In adjudicating these matters, the AOJ must review all evidence associated with the record - to include the January 2014 VA PTSD examination report, and all evidence which has yet to be considered. In so doing, the AOJ, concerning the instant increased rating matter, should also consider whether "staged" ratings are appropriate in light of Hart. If the benefits sought on appeal remain denied in any respect, the Veteran and his attorney should be furnished a supplemental statement of the case (SSOC) and afforded a reasonable opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (Continued on next page)






These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).